1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

# SOUTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9 ZSCAQULINE C. MASERANG, | CASE NO. 12-CV-0370 JLS (BLM) |
| 10 | **ORDER: GRANTING PLAINTIFF'S MOTION FOR** |
| 11 Plaintiff, | **LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| 12 | (ECF No. 2.) |
| 13 MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| 14 | |
| 15 | |
| 16 Defendant. | |

17
Presently before the Court is Plaintiff Zscaquline C. Maserang's ("Plaintiff") motion for

18
leave to proceed *in forma pauperis* ("IFP").  (IFP Mot., ECF No. 2.)  Plaintiff has submitted a civil

19
action seeking judicial review of the Commissioner's decision denying Plaintiff's claim for

20
disability insurance benefits on December 13, 2011.  (Compl. 2, ECF No. 1.)

21
## MOTION TO PROCEED IFP

22
All parties instituting any civil action, suit, or proceeding in a district court of the United

23
States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

24
U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only

25
if plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

26
*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of

27
an action without the prepayment of fees if the party submits an affidavit, including a statement of

28
assets, showing that plaintiff is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

1    Here, Plaintiff is not currently employed and was last employed on October 21, 2008,

2    making $10.50 per hour. (IFP Mot. 2, ECF No. 2.)  Plaintiff receives a total of $1,773 per month

3    from Social Security payments, disability, other welfare, and child support, and owns a 2001 Ford

4    Windstar.  (*Id.*)  Plaintiff supports two children, lists expenses as "rent, food, and utilities," and has

5    a checking account with "$0 balance after all bills are paid." (*Id.* at 2–3.)  Based on the

6    information provided, the Court finds that Plaintiff is unable to pay the required filing fee.

7    Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**.

8                                          **INITIAL SCREENING**

9    Notwithstanding IFP status, the Court must subject each civil action commenced pursuant

10   to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it

11   finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

12   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

13   *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

14   § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

15   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua

16   sponte dismiss an IFP complaint that fails to state a claim).

17   Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

18   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended,

19   28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP

20   provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal

21   to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See id.* at 1127; *Calhoun*,

22   254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua

23   sponte screening pursuant to § 1915 should occur "before service of process is made on the

24   opposing parties").

25   "[W]hen determining whether a complaint states a claim, a court must accept as true all

26   allegations of material fact and must construe those facts in the light most favorable to the

27   plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also  Andrews v. King*, 398

28   F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

1   (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

2           In this case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for

3   disability insurance benefits.  The Court finds that Plaintiff's claim is sufficiently pleaded to

4   survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2).  *See, e.g.*, *Rhett v. Disman*,

5   228 Fed. Appx. 225, 227 (3d Cir. 2007) (stating that "seeking review of the denial of supplemental

6   social security disability benefits" is sufficient to state a claim).  Therefore, Plaintiff is entitled to

7   U.S. Marshal service on Plaintiff's behalf.  *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d)

8   ("The officers of the court shall issue and serve all process, and perform all duties in [IFP]

9   cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States

10  marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28

11  U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal

12  procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a

13  defendant] may choose to bring."  *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.

14  2007).

15                                      **CONCLUSION**

16          For reasons stated above, the Court **GRANTS** Plaintiff's motion to proceed IFP pusuant to

17  28 U.S.C. § 1915(a).  The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1)

18  upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for

19  each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order

20  and a certified copy of his Complaint and the summons.  Upon receipt of this "IFP Package,"

21  Plaintiff is directed to complete the forms as completely and accurately as possible, and to return

22  them to the U.S. Marshal according to the instructions provided by the Clerk in the letter

23  accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the

24  Complaint and summons upon Defendants as directed by Plaintiff on the forms.  All costs of

25  service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

26          Defendant shall reply to the complaint within the time provided by the applicable

27  provisions of Federal Rule of Civil Procedure 12(a).  Plaintiff shall serve upon Defendant or, if

28  appearance has been entered by counsel, upon Defendant's counsel, a copy of every further

12cv0370

1  pleading or other document submitted for consideration of the Court.  Plaintiff shall include with

2  the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a

3  true and correct copy of any document was served on the Defendant or counsel of Defendant and

4  the date of service.  Any paper received by a district judge or magistrate judge which has not been

5  filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

6        **IT IS SO ORDERED.**

7

8  DATED:  March 1, 2012

9                                   Honorable Janis L. Sammartino

10                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv0370